1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

AMERICAN MORTGAGE NETWORK,
11 INC.                              CIV. S-08-1572 JAM GGH

12          Plaintiff,

13     v.                                STATUS (Pre-trial
   _____      Scheduling) ORDER
14 DANIEL SOTO.

15          Defendant.
   _____/

16

17          After review of the Joint Status Report, the court

18 makes the following order:

19                      SERVICE OF PROCESS

20    All parties defendant to this lawsuit have been served and

21 no further service will be permitted except with leave of court,

22 good cause having been shown.

23          JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

24    No further joinder of parties or amendments to pleadings is

25 permitted except with leave of court, good cause having been

26 shown.

                                1

1          JURISDICTION AND VENUE

2      Jurisdiction and venue are not contested.

3          FICTITIOUSLY-NAMED DEFENDANTS

4      This action, including any counterclaims, cross-claims, and

5  third party complaints is hereby DISMISSED as to all DOE or other

6  fictitiously-named defendants.

7          MOTION HEARINGS SCHEDULES

8      All dispositive motions shall be filed by July 1, 2009.

9  Hearing on such motions shall be on July 29, 2009 at 9:00 a.m.

10 **The parties are reminded of the notice requirements as outlined**

11 **in Local Rule 78-230(b).**

12     The time deadline for dispositive motions does not apply to

13 motions for continuances, temporary restraining orders or other

14 emergency applications.

15     **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

16 **DAY DUE.**

17     All purely legal issues are to be resolved by timely pre-

18 trial motions.  The parties are reminded that motions in limine

19 are procedural devices designed to address the admissibility of

20 evidence and are cautioned that the court will look with disfavor

21 upon substantive motions presented at the final pre-trial

22 conference or at trial in the guise of motions in limine.  The

23 parties are further cautioned that if any legal issue which

24 should have been tendered to the court by proper pre-trial motion

25 requires resolution by the court after the established law and

26 motion cut-off date, substantial sanctions may be assessed for

2

1 | the failure to file the appropriate pre-trial motion.

2 | **Unless prior permission has been granted, memoranda of law**

3 | **in support of and in opposition to motions are limited to twenty-**

4 | **five (25) pages, and reply memoranda are limited to ten (10)**

5 | **pages.  The parties are also cautioned against filing multiple**

6 | **briefs to circumvent this rule.**

7 | DISCOVERY

8 | All discovery shall be completed by June 8, 2009.  In this

9 | context, "completed" means that all discovery shall have been

10 | conducted so that all depositions have been taken and any

11 | disputes relative to discovery shall have been resolved by

12 | appropriate order if necessary and, where discovery has been

13 | ordered, the order has been complied with.

14 | DISCLOSURE OF EXPERT WITNESSES

15 | The parties shall make expert witness disclosures under

16 | Fed. R. Civ. P. 26(a)(2) by April 10, 2009.  Supplemental

17 | disclosure and disclosure of any rebuttal experts under

18 | Fed. R. Civ. P. 26(a)(2)(c) shall be made by April 17, 2009.

19 | Failure of a party to comply with the disclosure schedule as

20 | set forth above in all likelihood will preclude that party from

21 | calling the expert witness at the time of trial absent a showing

22 | that the necessity for the witness could not have been reasonably

23 | anticipated at the time the disclosures were ordered and that the

24 | failure to make timely disclosure did not prejudice any other

25 | party.  See Fed. R. Civ. P. 37(c).

26 | All experts designated are to be fully prepared at the time

3

1  of designation to render an informed opinion, and give their

2  reasons therefore, so that they will be able to give full and

3  complete testimony at any deposition taken by the opposing

4  parties.  Experts will not be permitted to testify at the trial

5  as to any information gathered or evaluated, or opinion formed,

6  after deposition taken subsequent to designation.

7                    JOINT MID-LITIGATION STATEMENTS

8        Not later than fourteen (14) days prior to the close of

9  discovery, the parties shall file with the court a brief joint

10  statement summarizing all law and motion practice heard by the

11  court as of the date of the filing of the statement, whether the

12  court has disposed of the motion at the time the statement is

13  filed and served, and the likelihood that any further motions

14  will be noticed prior to the close of law and motion.  The filing

15  of this statement shall not relieve the parties or counsel of

16  their obligation to timely notice all appropriate motions as set

17  forth above.

18                    FINAL PRE-TRIAL CONFERENCE

19        The final pre-trial conference is set for September 2, 2009

20  at 4:00 p.m. In each instance an attorney who will try the case

21  for a given party shall attend the final pretrial conference on

22  behalf of that party; provided, however, that if by reason of

23  illness or other unavoidable circumstance the trial attorney is

24  unable to attend, the attorney who attends in place of the trial

25  attorney shall have equal familiarity with the case and equal

26  authorization to make commitments on behalf of the client.  All

1   pro se parties must attend the pre-trial conference.

2        Counsel for all parties and all pro se parties are to be
3   fully prepared for trial at the time of the pre-trial conference,
4   with no matters remaining to be accomplished except production of
5   witnesses for oral testimony.  The parties shall file with the
6   court, no later than seven days prior to the final pre-trial
7   conference, a joint pre-trial statement.
8   **Also at the time of filing the Joint Pretrial Statement, counsel**
9   **are requested to e-mail the Joint Pretrial Statement in WPD or**
10  **Word format to Judge Mendez's assistant, Jane Pratt**
11  **at: jpratt@caed.uscourts.gov.**
12       Where the parties are unable to agree as to what legal or
13  factual issues are properly before the court for trial, they
14  should nevertheless list all issues asserted by any of the
15  parties and indicate by appropriate footnotes the disputes
16  concerning such issues.  The provisions of Local Rule 16-281
17  shall, however, apply with respect to the matters to be included
18  in the joint pre-trial statement.  Failure to comply with Local
19  Rule 16-281, as modified herein, may be grounds for sanctions.
20       The parties are reminded that pursuant to Local Rule
21  16-281(b)(10) and (11) they are required to list in the final
22  pre-trial statement all witnesses and exhibits they propose to
23  offer at trial, no matter for what purpose.  These lists shall
24  not be contained in the body of the final pre-trial statement
25  itself, but shall be attached as separate documents so that the
26  court may attach them as an addendum to the final pre-trial

order.  The final pre-trial order will contain a stringent
standard for the offering at trial of witnesses and exhibits not
listed in the final pre-trial order, and the parties are
cautioned that the standard will be strictly applied.  On the
other hand, the listing of exhibits or witnesses that a party
does not intend to offer will be viewed as an abuse of the
court's processes.

    The parties are also reminded that pursuant to Rule 16,
Fed. R. Civ. P., it will be their duty at the final pre-trial
conference to aid the court in: (a) formulation and
simplification of issues and the elimination of frivolous claims
or defenses; (b) settling of facts which should properly be
admitted; and (c) the avoidance of unnecessary proof and
cumulative evidence.  Counsel must cooperatively prepare the
joint pre-trial statement and participate in good faith at the
final pre-trial conference with these aims in mind.  A failure to
do so may result in the imposition of sanctions which may include
monetary sanctions, orders precluding proof, elimination of
claims or defenses, or such other sanctions as the court deems
appropriate.

<u>TRIAL SETTING</u>

    Jury trial in this matter is set for October 5, 2009 at
8:30 a.m.  The parties estimate a trial length of approximately
2 - 3 days.

<u>SETTLEMENT CONFERENCE</u>

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.


<u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated:  September 30, 2008


                              /s/ John A. Mendez
                              HON. JOHN A. MENDEZ
                              United States District Judge